FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

97 SEP 23 PM 3: 51

U.S. DISTRICT COURT
N.D. OF ALABAMA

DARLENE BEVIS,                           }
                                         }
        Plaintiff,                       }
                                         }
v.                                       }        CASE NO. CV 97-B-1186-NW
                                         }
WOODMEN OF THE WORLD LIFE                }
INSURANCE SOCIETY,                       }
                                         }        ENTERED
        Defendant.                       }
                                                  SEP 2 3 1997

## MEMORANDUM OPINION

Before the court is the motion of defendant Woodmen of the World Life Insurance

Society to dismiss/stay and compel alternative dispute resolution procedure filed on June 26,

1997. Upon consideration of the record, the submissions of the parties, the argument of

counsel, and the relevant law, the court is of the opinion that defendant's motion is due to be

granted.

## FACTUAL SUMMARY

Defendant Woodmen of the World Life Insurance Society is a fraternal benefit society

existing for the mutual benefit of its members and the beneficiaries and having a representative

form of government. In December, 1996, the Woodmen Constitution was amended to include

a Problem Resolution Procedure. (*See* Ex. B to Def.'s Mot.) This procedure states that any

dispute regarding a benefit certificate is subject to a three step alternative dispute resolution

procedure. (*Id.*)

Plaintiff Darlene Bevis purchased a Woodmen benefit certificate and became a member

of the Woodmen Society. (*See* Ex. A to Def.'s Mot.) As a member of the Woodmen Society,

plaintiff is bound by the Constitution and laws of the Woodmen Society. The benefit

certificate issued to plaintiff and made the basis of this lawsuit incorporates and adopts the

Constitution and laws of the Woodmen Society, including any amendments thereto, as part of

the benefit certificate. (*Id.* at p.8.) All Woodmen members were given notice of the

December, 1996 constitutional amendment instituting the Problem Resolution Procedure.

Plaintiff filed this lawsuit after being sent notice of the provision requiring compliance with

this procedure.

**DISCUSSION**

Defendant has filed a motion with this court to compel plaintiff to submit to and abide

by the Problem Resolution Procedure and the three step alternative dispute resolution

procedure set forth therein. In opposition to the motion, plaintiff argues that her benefit

certificate is not covered by the Federal Arbitration Act because the benefit certificate does not

contain an arbitration agreement. (*See* Pl.'s Resp. to Def.'s Mot.) Plaintiff contends that

defendant cannot enforce arbitration of a "guaranteed renewable" contract, signed in 1988,

which contained no arbitration provision at the time it was signed. (*Id.*)

In response, Woodmen argues that as a fraternal benefit society, its Constitution and

By-Laws, as well as any amendments thereto, are part of the benefit certificate and become

part of the agreement between Woodmen and the plaintiff. Alabama Code § 27-34-29

expressly provides that "the certificate together with . . . the Constitution and Laws of the

Society . . . and all amendments to each thereof shall constitute the agreement, as of the date

of issuance, between the Society and the member" and that any "changes, additions, or

amendments" to the "Constitution" shall bind the member and shall govern and control the

2

agreement in all respects the same as though such changes, additions, or amendments had been made prior to and were in force at the time of the application for membership. Ala. Code § 27-34-29(a) and (c) (1975). Therefore, defendant argues that the Amended Constitution providing for an alternative dispute resolution procedure becomes part of the agreement between Woodmen and the plaintiff.

This court agrees with Woodmen. The court finds that Woodmen is a fraternal benefit society, and is recognized as such by the state of Alabama. The court further finds that as a fraternal benefit society, Woodmen's Constitution and any amendments thereto become part of Woodmen's benefit certificates and are directly binding on its members. Finally, the court finds that the December, 1996 amendments to the Woodmen Constitution providing for alternative dispute resolution procedures are binding upon the plaintiff in this case as though the amendments were in force at the time of the plaintiff's application for membership.

CONCLUSION

Based upon the foregoing, the court concludes that defendant's motion to dismiss and to compel alternative dispute resolution procedure is due to be granted. An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 23rd day of September, 1997.

SHARON LOVELACE BLACKBURN
United States District Judge

3